UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRISTIAN MATA,

Plaintiff,

-v-

CF E 86, LLC, *et al.*,

Defendants.

25-CV-10277 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

In their Notice of Removal, Defendants invoked this Court's diversity jurisdiction

pursuant to 28 U.S.C. § 1332.  (ECF No. 1 at 3-4.)  However, the Notice did not adequately

demonstrate the Court's subject matter jurisdiction because it did not allege the citizenship of

each of the members of the LLC Defendants.  This Court has an obligation to examine its subject

matter jurisdiction *sua sponte*.  *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).  "To

establish subject matter jurisdiction under 28 U.S.C. § 1332, . . . plaintiffs must be citizens of

states diverse from those of all defendants."  *Raymond Loubier Irrevocable Tr. v. Loubier*, 858

F.3d 719, 725 (2d Cir. 2017) (quotation marks omitted).  Accordingly, this Court ordered

Defendants to show cause as to why the action should not be remanded for lack of subject matter

jurisdiction.  (ECF No. 6.)  Defendants filed an Amended Notice of Removal ("Amended

Notice") on December 30, 2025.  (ECF No. 7.)  After reviewing Defendants' Amended Notice,

this Court concludes that it cannot adjudicate this case because of various procedural and

jurisdictional defects.

First, in their Amended Notice, Defendants once again fail to allege the citizenship of

each member of the LLC Defendants.  Where a named party is a limited liability company, the

notice of removal must set forth the residence and domicile of "all of its partners or members, as

1

well as the state or other jurisdiction of its formation," S.D.N.Y. Local Civ. R. 81.1(b), as an LLC is "generally a citizen of each state in which any of its members is a citizen" for diversity purposes, *Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019). Where a defendant seeks to remove a case based on diversity jurisdiction, it bears the burden of establishing that the requirements of diversity jurisdiction have been met. *Lachmanaya v. Rocky Towing, LLC*, No. 23-CV-133, 2023 WL 2329855, at *1 (E.D.N.Y. Mar. 2, 2023) (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011)).

In their Amended Notice, Defendants state that Defendants "are Delaware Limited Liability Companies with principal places of business in the State of New York." (*Id.* at 4.) Defendants then provide the citizenship of the members of some LLC Defendants, but do not do so for Perennial Painting and Cleaning, LLC or Lan Renovation, LLC. (*Id.* at 5.) Therefore, Defendants have not met their burden of demonstrating complete diversity between themselves and Plaintiff. *See United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square*, 30 F.3d 298, 302 (2d Cir. 1994).

Second, Defendants' Amended Notice fails to establish that Plaintiff was not a New York resident at the time he filed his complaint in state court. "Where removal is based on diversity jurisdiction, there must be complete diversity both at the time of removal and at the time the state court complaint was filed." *Cotto v. Fed. Nat'l Mortg. Ass'n*, No. 20-CV-6487, 2021 WL 4340668, at *2 (S.D.N.Y. Sept. 22, 2021) (citing *United Food & Commercial Workers Union, Local 919, AFL-CIO*, 30 F.3d at 301); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (holding that, for the purposes of assessing diversity jurisdiction when a plaintiff has amended her complaint, the parties' citizenship at the time of filing of original complaint controls).

According to Defendants' Amended Notice, "[o]n or about January 5, 2021, [Plaintiff] commenced this Action against the above-named [Defendants] in a civil action brought against them in the Supreme Court of the State of New York, County of Bronx." (*Id.* at 1.) Plaintiff allegedly then moved to the state of Pennsylvania on January 30, 2021. (*Id.* at 4.) Plaintiff's move to Pennsylvania, however, is not sufficient to create diversity jurisdiction, as at the time of his state court filing, Plaintiff appears to have been domiciled in New York. (*See generally id*.) Defendants offer no allegation to the contrary. Thus, Plaintiff and New York-based LLC member Defendants were not "citizens of different States" at the time of filing, 28 U.S.C. § 1332(a)(1), and the requirements of diversity jurisdiction have not been met.

Third, remand of this action is required under the forum-defendant rule, 28 U.S.C. § 1441(b)(2), which prohibits removal when one of the defendants is a citizen of the forum state and has already been served. Here, multiple LLC Defendants are citizens of New York. (*See, e.g.*, *id.* at 4-5 (listing the New York members of Defendants CF E 86, LLC, SM E 86, LLC, and LSG E 86, LLC).). The forum state is New York, as Plaintiff filed this action in the New York Supreme Court, Bronx County. And Plaintiff served his summons and complaint against Defendants on or around January 6, 2021, long before Defendants' attempted removal. (ECF No. 7-1.) Thus, this action cannot be removed to federal court under the forum-defendant rule, as at least one properly served LLC Defendant is a citizen of the forum state of New York. *See Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010) (describing the "basic rationale" of diversity jurisdiction as "opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties").

For the foregoing reasons, this case is hereby REMANDED to state court.

The Clerk of Court is directed to remand this case to the New York Supreme Court, Bronx County.

SO ORDERED.

Dated: January 2, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge

4